UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY LAMPKIN; ROSELLE WHITE,

Plaintiffs,

-against-

STATE AND COUNTY CHILD SUPPORT
AGENCIES, et al.,

Defendants.

ORDER

1:25-CV-10726 (LTS)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Johnny Lampkin and Roselle White, who both appear *pro se*, bring this action seeking damages and injunctive relief. For the reasons discussed below, within 30 days of the date of this Order, Plaintiffs must: (1) each submit a signed complaint signature page; and (2) either collectively pay the $405.00 in fees that are required to file this civil action or each complete, sign, and submit an *in forma pauperis* ("IFP") application.

**A.     Signature**

Neither of the plaintiffs signed the complaint that commenced this civil action. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The Supreme Court of the United States has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Accordingly, the Court directs Plaintiffs to: (1) each sign the complaint signature pages that are attached to this Order with their respective signature—one signed complaint signature

page per plaintiff[1]; (2) each list on their complaint signature page the abovementioned docket number (1:25-CV-10726 (LTS)); and (3) submit it to the court within 30 days of the date of this Order.[2] If either plaintiff fails to comply with these instructions within the time allowed, the Court will dismiss that plaintiff's claims.

## B.    Fees or IFP application

To proceed with this civil action, the plaintiffs must either collectively pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, to request authorization to proceed IFP, that is, without prepayment of fees, each submit a completed and signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiffs have neither collectively paid the $405.00 fees to bring this civil action nor each completed, signed, and submitted an IFP application. Accordingly, within 30 days of the date of this Order, Plaintiffs must either: (1) collectively pay the $405.00 in fees to bring this civil action; or (2) each complete, sign, and submit an attached IFP application; one IFP application per plaintiff. If Plaintiffs submit IFP applications, they should be labeled with the abovementioned docket number (1:25-CV-10726 (LTS)). If Plaintiffs fail to collectively pay the fees to bring this action or, if they are unable to pay those fees, if they fail to complete, sign, and submit IFP applications within the time allowed, the Court will, in the event the fees are not paid

---

[1] Under Local Civil Rule 5.2,

[i]n a case where a pro se party has not obtained electronic filing privileges, . . . [this Court] will accept electronic submissions from pro se parties without electronic filing privileges pursuant to certain requirements that will be set forth on each Court's public website. Any document submitted in accordance with these requirements must be signed by the party in one of the following ways: (a) by signing the document and then scanning it; (b) by using a digital signature; or (c) by typing: "/s/ [Party's Name]."

[2] The Court also directs Plaintiff Roselle White to provide her own mailing address.

and no IFP applications are submitted, dismiss this action or, if only one plaintiff's IFP application is submitted, dismiss the other plaintiff's claims.

## CONCLUSION

The Court directs Plaintiffs to, within 30 days of the date of this Order, comply with the instructions listed above.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 7, 2026
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

3